```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

JAIME C. SANTIAGO,              :
 petitioner,                    :
                                :              PRISONER
        v.                      :   Case No. 3:09cv1471(AVC)
                                :
WARDEN CAROL CHAPDELAINE,       :
 respondent.                    :
```

### RULING ON PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Jaime Santiago, is currently confined at the Osborn Correctional Institution in Somers, Connecticut.  He brings this action, pursuant to 28 U.S.C. § 2254, to challenge his 2001 conviction for assault in the first degree and risk of injury to a child on the ground that he was afforded ineffective assistance of counsel.  For the reasons that follow, the petition is denied.

The petitioner was convicted, following a jury trial, of first degree assault and risk of injury to a child.  The jury found that petitioner inflicted severe brain injuries on his three-month-old son by dropping the child on his head and then picking him up and shaking him very hard up, down and sideways.  As a result of the injuries, his son is in a persistent vegetative state and is blind and deaf.  State v. Santiago, 74 Conn. App. 736, 740 (2003).  On July 11, 2001, the petitioner was sentenced to a term of imprisonment of twenty years followed by ten years of special parole.

On direct appeal, the petitioner challenged his conviction on the ground that the evidence presented was insufficient to

support the conviction.  On February 4, 2003, the Connecticut Appellate Court affirmed his conviction.  Id. at 737.  The petitioner did not seek certification from the Connecticut Supreme Court.

On August 27, 2001, the petitioner filed a petition for writ of habeas corpus in state court, on the ground that he had been afforded ineffective assistance of trial counsel because counsel failed to raise mental disease or defect as a defense at trial.  On February 10, 2004, the state court denied the petition.  Santiago v. Warden, No. CV010810696, 2004 WL 614511 (Conn. Super. Ct. Feb. 10, 2004).  The state court also denied his petition for certification to appeal the decision.

The petitioner appealed the denial of certification as an abuse of discretion.  The Connecticut Appellate Court dismissed the appeal, the Connecticut Supreme Court denied certification and the United States Supreme Court denied certiorari.  Santiago v. Commissioner of Correction, 90 Conn. App. 420, 421, 876 A.2d 1277, cert. denied, 275 Conn. 930, 883 A.2d 1246 (2005), cert. denied sub nom. Santiago v. Lantz, 547 U.S. 1007 (2006).  The petitioner filed additional state habeas petitions.  The issues raised in those petitions, however, are unrelated to this action.

## Standard

The federal court will entertain a petition for writ of habeas corpus challenging a state court conviction only if the

petitioner claims that his custody violates the Constitution or federal laws.  28 U.S.C. § 2254(a).  A claim that a state conviction was obtained in violation of state law is not cognizable in the federal court.  Estelle v. McGuire, 502 U.S. 62, 68 (1991).

The federal court cannot grant a petition for a writ of habeas corpus filed by a person in state custody with regard to any claim that was rejected on the merits by the state court unless the adjudication of the claim in state court either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The federal law defined by the Supreme Court "may be either a generalized standard enunciated in the Court's case law or a bright-line rule designed to effectuate such a standard in a particular context."  Kennaugh v. Miller, 289 F.3d 36, 42 (2d Cir.), cert. denied, 537 U.S. 909 (2002).  Clearly established federal law is found in holdings, not dicta, of the Supreme Court at the time of the state court decision.  Carey v. Musladin, 549 U.S. 70, 74 (2006).

A decision is "contrary to" clearly established federal law where the state court applies a rule different from that set

forth by the Supreme Court or if it decides a case differently than the Supreme Court on essentially the same facts.  Bell v. Cone, 535 U.S. 685, 694 (2002).  A state court unreasonably applies Supreme Court law when the court has correctly identified the governing law, but unreasonably applies that law to the facts of the case.  The state court decision must be more than incorrect; it also must be objectively unreasonable, "a substantially higher threshold."  Schriro v. Landrigan, 550 U.S. 465, 473 (2007).

When reviewing a habeas petition, the federal court presumes that the factual determinations of the state court are correct.  The petitioner has the burden of rebutting that presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); Boyette v, Lefevre, 246 F.3d 76, 88-89 (2d Cir. 2001) (noting that deference or presumption of correctness is afforded state court findings where state court has adjudicated constitutional claims on the merits).  Because collateral review of a conviction applies a different standard than the direct appeal, an error that may have supported reversal on direct appeal will not necessarily be sufficient to grant a habeas petition.  Brecht v. Abrahamson, 507 U.S. 619, 634 (1993).

## Discussion

The petitioner asserts that trial counsel was ineffective by failing to arrange for an independent mental health examination

and failing to present a defense of mental disease or defect.[1]

An ineffective assistance of counsel claim is reviewed under the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). To prevail, petitioner must demonstrate, first, that counsel's conduct was below an objective standard of reasonableness established by prevailing professional norms and, second, that this deficient performance caused prejudice to him. Id. at 687-88. Counsel is presumed to be competent. Petitioner bears the burden of demonstrating unconstitutional representation. United States v. Cronic, 466 U.S. 648, 658 (1984).

To satisfy the prejudice prong of the Strickland test, the petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different;" the probability must "undermine confidence in the outcome" of the trial. Strickland, 466 U.S. at 694. The court evaluates counsel's conduct at the time the decisions were made, not in hindsight, and affords substantial deference to counsel's decisions. Rompilla v. Beard, 545 U.S. 374, 381 (2005). To prevail, petitioner must

---

[1] The petitioner attaches nine pages to his petition in which he elaborates on his claim. In those pages, he argues that his statements to the police were obtained under assurances that he would not be prosecuted and challenges his arrest. The petitioner concedes in his reply to the response to the order to show cause, however, that he asserts only the ineffective assistance of counsel claim in this case. See Doc. #12 at 10.

demonstrate both deficient performance and sufficient prejudice. Strickland, 466 U.S. at 700. Thus, if the court finds one prong of the standard lacking, it need not consider the remaining prong.

In analyzing this claim, the state court applied the standard established in Strickland. Because the state court applied the correct legal standard, the state court decision cannot meet the "contrary to" prong of section 2254(d)(1). The court will consider the last reasoned state court decision to determine whether the decision is an unreasonable application of federal law. See Ylst v. Nunnemaker, 501 U.S. 797, 804 (1991). Here, the court reviews the decision of the Connecticut Appellate Court.

When considering claims of ineffective assistance of counsel, the court presumes that counsel is competent. The petitioner must present evidence to overcome this presumption. United States v. Cronic, 466 U.S. 648, 658 (1984).

At the state habeas hearing, the petitioner offered his own testimony along with the testimony of trial counsel and a psychiatrist, Dr. Felber. Trial counsel testified that, after speaking with the petitioner and learning that he had been released from a four-day voluntary psychiatric commitment six weeks before the incident with his son, counsel intended to pursue a defense of mental disease or defect. To that end, he

first sought an evaluation of the petitioner's competency to stand trial.  When the petitioner was found competent, trial counsel obtained permission to have him evaluated by a psychologist to determine whether he suffered from a mental disease or defect.  Following an evaluation lasting approximately twenty hours, the psychologist told trial counsel that the petitioner did not suffer from any mental disease or defect and that he was malingering.  Based on the opinion of the psychologist and the psychiatrist's discharge summary from the petitioner's hospitalization indicating that the petitioner could return home and did not need follow-up treatment, trial counsel abandoned the mental disease or defect defense.  Instead, he argued that the injury to the child was accidental.  See Resp't's Mem. Ex. R, Habeas Trial Transcript, at 67-106.

Dr. Felber testified that he had reviewed the petitioner's medical and police records and interviewed the petitioner for between sixty and ninety minutes.  Based on this information, Dr. Felber stated that the petitioner suffered from impulse control disorder, narcissistic qualities and paranoid thought disorder.  Dr. Felber opined that the petitioner requires hospitalization, intensive therapy and medication.  Dr. Felber emphasized that the psychiatrist's decision to discharge the petitioner was not in accord with the opinions of some of the staff members.  He also disagreed with the psychologist's methodology and conclusions.

See id. at 34-66.

The habeas court rejected Dr. Felber's opinion.  The court found that the opinion was not available to trial counsel during the trial and was based on a far less comprehensive examination than the opinion of the psychologist.  2004 WL 614511, at *5.  The Connecticut Appellate Court concluded that the habeas court did not abuse its discretion in rejection Dr. Felber's opinion.

The Connecticut Appellate Court reviewed the entire record and concluded that trial counsel's decision was based on a reasonable and sufficient investigation of the petitioner's mental state.  Upon learning of the petitioner's psychiatric hospitalization, trial counsel investigated a defense of mental disease or defect.  He first sought a competency evaluation.  Although the competency evaluation considered the petitioner's mental state at the time of trial rather that at the time of the incident, the Connecticut Appellate Court determined that the finding of competency could have reinforced in trial counsel's mind the psychiatrist's determination, following the petitioner's hospitalization, that he did not suffer from a mental disease or defect and did not need follow-up treatment.  Despite these results, trial counsel sought further examination of the petitioner, this time by a psychologist.  When the psychologist also concluded that the petitioner did not suffer from a mental disease or defect, trial counsel abandoned that defense.  See

Santiago v. Commissioner of Correction, 90 Conn. App. at 425-26.

The Connecticut Appellate Court noted that trial counsel was under no obligation to continue seeking psychological opinions until he found one supporting a defense of mental disease or defect.  Id. at 426.  The Connecticut Appellate Court concluded that the petitioner failed to sustain his burden on the deficient performance prong of the Strickland test and, therefore, the habeas court did not abuse its discretion in denying the petition for certification to appeal.  Id. at 427, 876 A.2d at 1281.

The petitioner was entitled to effective assistance of counsel.  He was not entitled to perfect representation.  Strickland, 466 U.S. at 690.  The petitioner argues that trial counsel should have sought additional psychiatric opinions or further investigated the contrary opinions of the hospital workers who disagreed with the treating psychiatrist.  To prevail in this federal habeas corpus action, however, the petitioner must do more than show that he would have satisfied the Strickland standard if this court were independently considering the claim.  He must show that the Connecticut Appellate Court applied the standard in an objectively unreasonable manner.  Bell v. Cone, 535 U.S. at 698-99.  The petitioner has failed to do so.

In his opposition, the petitioner relies on Pavel v.Hollins, 261 F.3d 210 (2d Cir. 2001), in which the second circuit held that trial counsel was ineffective.  In Pavel, however, trial

counsel failed to prepare any defense to the charges of sexual assault under the mistaken belief that the charges would be dismissed following presentation of the state's case.  As a result, trial counsel did not call two important fact witnesses or a medical expert.  Id. at 211.  The second circuit held that the combination of the three deficiencies in trial counsel's performance constituted ineffective assistance.  The court did not consider whether any one deficiency standing alone would rise to the level of ineffective assistance.  Id. at 216.

The petitioner's reliance on Pavel is unpersuasive for three reasons.  First, trial counsel here did investigate whether petitioner suffered from a mental disease or defect and did prepare and present a defense, albeit not the defense petitioner wanted.  Second, this case involves only one deficiency in counsel's performance, not a combination of several deficiencies.  The Second Circuit did not address whether one deficiency, even the failure to prepare any defense, would rise to the level of ineffective assistance.  Finally, the court in Pavel was not required to defer in any manner to the state court's factual findings.  State court factual findings are now presumed correct absent certain circumstances.  See 28 U.S.C. § 2254(d).

This court concludes that the Connecticut Appellate Court properly applied the Strickland standard in reviewing the petitioner's ineffective assistance of counsel claim and that the

petitioner has failed to show that the Connecticut Appellate Court's decision was an unreasonable application of that standard.

## Conclusion

The petition for writ of habeas corpus [**doc. #1**] is **DENIED**. The Clerk is directed to enter judgment in favor of the respondent and close this case.

The court concludes that petitioner has not shown that he was denied a constitutionally or federally protected right. Thus, any appeal from this order would not be taken in good faith and a certificate of appealability will not issue.

**SO ORDERED** this 25th day of June 2010, at Hartford, Connecticut.

                                      / s /
                                Alfred V. Covello
                                United States District Judge